IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| LESLIE CHEREE LEACH | § | |
| VS. | § | CIVIL ACTION NO. 1:09cv863 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ORDER OVERRULING MOVANT'S OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Movant Leslie Cheree Leach, formerly an inmate confined at the Federal Bureau of Prisons, proceeding *pro se*, brought this motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends denying the motion to vacate.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. Movant filed objections to the magistrate judge's Report and Recommendation.

The court conducted a *de novo* review of each of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration, the court concludes Movant's objections should be overruled.

Movant contends counsel was ineffective on appeal. A claim asserting ineffective assistance of appellate counsel is reviewed under *Strickland*'s performance and prejudice prongs.[1] *See Henderson v. Quarterman,* 460 F.3d 654, 665 (5th Cir. 2006) (recognizing that *Strickland* applies to ineffective assistance of appellate counsel claims). A Petitioner alleging ineffective appellate

[1] To prevail on a claim of ineffective assistance of counsel under the Sixth Amendment, a § 2255 movant must show that (1) counsel's actions fell below an objective standard of reasonableness and (2) the ineffective assistance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 687-89 (1984); *United States v. Segler*, 37 F.3d 1131, 1137 (5th Cir. 1994).

representation "must first show that his counsel was objectively unreasonable . . . in failing to find arguable issues to appeal - that is, that counsel unreasonably failed to discover nonfrivolous issues and to file a merits brief raising them" and then "demonstrat[e] prejudice. That is, he must show a reasonable probability that, but for his counsel's unreasonable failure . . . he would have prevailed on his appeal." *Smith v. Robbins,* 528 U.S. 259, 285-86 (2000). Appellate counsel "need not (and should not) raise every nonfrivolous claim, but rather may select from among them in order to maximize the likelihood of success on appeal." *Id.* at 288 (citing *Jones v. Barnes,* 463 U.S. 745 (1983)). Thus, it is possible that an ineffective assistance claim may be "based on counsel's failure to raise a particular claim, but it is difficult to demonstrate that counsel was incompetent." *Id.* (citing *Gray v. Greer,* 800 F.2d 644, 646 (7th Cir. 1986)). To demonstrate that a failure to raise an issue was deficient, a Petitioner must show that a particular nonfrivolous issue was clearly stronger than issues that counsel did present. *Id.* In order to determine whether appellate counsel was deficient, the court must consider whether the omitted challenge "would have been sufficiently meritorious such that [the attorney] should have raised it on appeal." *United States v. Phillips*, 210 F.3d 345, 348 (5th Cir. 2000).

Movant claims counsel raised issues on appeal that lacked merit. Movant, however, has shown no evidence that the issues she argues should have been raised would have been successful on appeal. Accordingly, Movant has failed to show either deficient performance or prejudice. Accordingly, the claims should be denied and dismissed.

Moreover, movant is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires the movant to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial

showing, the movant need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the movant, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir.), *cert. denied*, 531 U.S. 849 (2000).

Here, movant has not shown that any of the issues raised by his claims are subject to debate among jurists of reason. The factual and legal questions advanced by movant are not novel and have been consistently resolved adversely to his position. In addition, the questions presented are not worthy of encouragement to proceed further. Therefore, movant has failed to make a sufficient showing to merit the issuance of a certificate of appealability. Accordingly, a certificate of appealability shall not be issued.

## O R D E R

Accordingly, movant's objections are OVERRULED. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is ADOPTED. A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

**SIGNED this 14th day of November, 2026.**

Michael J. Truncale
United States District Judge